■ In the Matter of EDWIN FISHEL TUCCIO et al., Appellants, v CENTRAL PINE BARRENS JOINT PLANNING AND POLICY COMMISSION, Respondent. [978 NYS2d 350]—

The Pine Barrens Credits Program provides for the allocation of transferable development rights to owners of property located in the core preservation area of the Central Pine Barrens, an area in which development is generally prohibited by the Long Island Pine Barrens Protection Act (hereinafter the Act) (ECL 57-0107 [10], [11]; 57-0121 [3] [c]; *see generally Matter of Tuccio v Central Pine Barrens Joint Planning & Policy Commn.*, 67 AD3d 689, 690-691 [2009]). In 2006, the Pine Barrens Credit Clearinghouse (hereinafter the Clearinghouse) denied the petitioners' application for an allocation of Pine Barrens Credits, concluding that no Pine Barrens Credits could be allocated to their property. After the determination of the Clearinghouse was affirmed by the Central Pine Barrens Joint Planning and Policy Commission (hereinafter the Commission), the petitioners commenced a proceeding pursuant to CPLR article 78 to review the Commission's determination and in the nature of mandamus to compel the Commission to allocate 50.42 Pine Barrens Credits to the subject property. The Supreme Court denied the petition and dismissed the proceeding. Upon the petitioners' appeal, this Court concluded that the Commission erred in determining that the petitioners were entitled to no Pine Barrens Credits (*see Matter of Tuccio v Central Pine Barrens Joint Planning & Policy Commn.*, 67 AD3d at 693-694). However, this Court further concluded that the petitioners failed to demonstrate a clear legal right to an allocation of 50.42 Pine Barrens Credits, because, among other factors in the allocation

formula, "such an allocation fails to account for the fact that only 20% of the [p]roperty could have been developed under the [Code of the Town of Southampton] absent the adoption of the Act" (*id.* at 695). Accordingly, this Court remitted the matter to the Commission to determine the proper number of Pine Barrens Credits to be allocated to the subject property (*see id.*).

Upon remittal, the Commission determined that 18.46 Pine Barrens Credits should be allocated to the subject property. The petitioners then commenced this proceeding pursuant to CPLR article 78 to review the determination and in the nature of mandamus to compel the Commission to allocate 50.42 Pine Barrens Credits to the subject property. The Supreme Court properly denied the petition and dismissed the proceeding. On the prior appeal, this Court determined that the Commission should take into account the development restrictions in the Code of the Town of Southampton in determining the allocation of Pine Barrens Credits (*see id.*). Contrary to the petitioners' contention, this Court's determination was not mere dicta, and constitutes the law of the case. Upon remittal, the Commission acted in accordance with this Court's directive, and thus the determination under review was not arbitrary and capricious or affected by an error of law. Mastro, J.P., Chambers, Lott and Miller, JJ., concur.